1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MONICA FORSYTHE,                          )   1:10cv1515 AWI GSA
                                          )
                                          )   FINDINGS AND RECOMMENDATIONS
                                          )   REGARDING PLAINTIFF'S APPLICATION
                    Plaintiff,            )   FOR ATTORNEYS' FEES
                                          )
        v.                                )
                                          )
MICHAEL J. ASTRUE, Commissioner           )
of Social Security,                       )   (Document 25)
                                          )
                                          )
                                          )
                    Defendant.            )
_____      )

17    Plaintiff moves the Court to grant attorneys' fees of $13,367.97 under the Equal Access

18  to Justice Act (28 U.S.C. § 2412(d)) ("EAJA").[1]  The Government objects to Plaintiff's fee

19  request, contending that the requested fees are excessive and that the amount includes payment

20  for duplicative services provided by two attorneys.  Plaintiff argues that the amount requested is

21  reasonable.  Upon a review of the pleadings, the Court grants Plaintiff's application but reduces

22  the amount awarded to $11,009.40.

23

24        [1] This amount includes the $12,826.20 which was the amount requested in the initial application and an
25  additional $542.77 which was requested in the Reply. The Court notes that in Plaintiff's initial EAJA fee application,
    the amount requested on the front page of the document is left blank.  (Doc. 25-1, pg. 1).  Moreover, $12,694.91, the
26  amount requested on the last page of the initial fee request is incorrect. (Doc. 25-1, pg. 8).  The amount requested in
    Plaintiff's initial EAJA fee application should be $12,826.20 given the representations contained in the document
27  that Ms. Bosavanh's is requesting $3,349.38 and Mr. Wilborn is requesting 9,476.82.  $3,349.38 +9,476.82 =
    12,826.20, not $12,694.91.  The $13,367.97 represents the original fee request amount when properly calculated
28  $12,826.20 + $541.77, the supplemental request.  Accordingly, the Court has used the correct figures rather than the
    figures used in Plaintiff's initial request when calculating the total award requested.

1

**<u>BACKGROUND</u>**

2     Plaintiff filed the instant complaint challenging the denial of benefits on August 18, 2010.

3 (Doc. 1).  On January 24, 2012, this Court issued Findings and Recommendations that the ALJ's

4 determination that Plaintiff was not disabled was erroneous.  Accordingly, the Court

5 recommended that the Commissioner's decision be reversed and that the case be remanded for

6 payment of benefits. (Doc. 20).   The Defendant filed Objections and Plaintiff filed a Reply on

7 February 6, 2012, and February 16, 2012, respectively.  (Docs. 21 and 22).  On March 15, 2012,

8 Senior District Court Judge Anthony W. Ishii adopted the findings and recommendations in part.

9 The Court adopted the recommendation regarding the ALJ's finding of non-disability, however,

10 the Court remanded the case to the ALJ for further proceedings.   (Doc. 23).  The Court entered

11 judgment in Plaintiff's favor on March 15, 2012. (Doc. 24).  Plaintiff filed the instant

12 application for attorney's fees pursuant to EAJA on June 13, 2012. (Doc. 25).   Defendant filed

13 an opposition on July 12, 2012. (Doc. 28).  Plaintiff filed a Reply on July 23, 2012.  (Docs. 29

14 and 30).

15     By this motion, Plaintiff seeks payment in attorneys' fees for 18.7 hours of attorney time

16 worked by Ms. Sengthiene Bosavanh in the amount of $3,349.38.  Plaintiff also seeks attorneys'

17 fees for Ms. Bosavanh's associate, Mr. Ralph Wilborn, who worked 55.50 hours on this case for

18 a total of $10,018.59 ($9,476.82 [the original request] + $541.77 [in the supplemental request] =

19 $10,018.59) .[2]  Thus, the total amount of attorney time billed was 74.20 hours and the total

20 amount of attorneys' fees requested is $13,367.97 ($10,018.59 [Wilborn's fees] + $3,349.38

21 [Bosavanh's fees] = $13,367.97) .  Defendant has opposed the motion on the basis that the

22 amount requested is excessive given the issues presented and that the tasks completed by counsel

23 are duplicative.

24 ///

25

26     [2] This amount includes 52.50 hours for the merits portion of the case and approximately 3.0 hours for the
preparation of the supplemental EAJA application.  Mr. Wilborn indicates that he spent 3.0 to file the supplemental
27 fee request, however, in the initial motion for attorney fees he also indicates that 1.50 hours was spent on June 4,
2012 drafting the attorney fee request.  The 1.50 hours on June 4, 2012 includes other tasks completed during that
28 time period so the total amount of time Mr. Wilborn indicates he spent on the EAJA application is unclear.  As such,
the 3.0 hours is an estimate.

**DISCUSSION**

28 U.S.C. § 2412(d)(1)(A) provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[2]

28 U.S.C. § 2412(d)(1)(A).

A prevailing party under the EAJA is one who has gained by judgment or consent decree a material alteration of the legal relationship of the parties. *Perez–Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir.2002).  Under the EAJA, attorneys' fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano*, 279 F.3d at 794. The amount of the fee must be determined based on the case's particular facts. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  In making this determination, courts should apply the "lodestar" method to determine what constitutes a reasonable attorney's fee under 42 U.S.C. § 1988, the fee shifting statute applicable in civil rights cases. 461 U.S. at 433. To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate." FN2 *Hensley*, 461 U.S. at 433.  The Court further explained that counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Hensley*, 461 U.S. at 434; see also *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The court must provide a concise and clear explanation of the reasons for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary.

---

[2] Defendant has not argued that its position was substantially justified so the Court will not address this issue.

3

1   *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir.1988), *cert. denied*, 493 U.S.

2   1035 (1990). The court has the obligation to exclude from the calculation any hours that were not

3   reasonably expended on the litigation. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550

4   (7th Cir.1999).  " 'Hours that are not properly billed to one's client are not properly billed to one's

5   adversary pursuant to statutory authority.' " *Hensley*, 461 U.S. at 434 (quoting Copeland v.

6   Marshall, 641 F.2d 880, 891 (D.C.Cir.1980) (en banc)).  The applicant bears the burden of

7   demonstrating the reasonableness of the fee request.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

8         ***Hourly Rates***

9         Here, Plaintiff requests $175.06 per hour for work performed by counsel in 2010; and

10   $180.59 for work performed in 2011 and 2012.[3]  Since the time of the filing of this brief, the

11   Ninth Circuit has issued the rates for the first half of 2012 at $183.73.  These rates are the

12   applicable statutory maximum hourly rates under EAJA for attorney work performed in those

13   years, adjusted for increases in the cost of living.  *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77

14   (9th Cir. 2005), and Ninth Circuit Rule 39–1.6.   The Court will apply these rates accordingly and

15   the amount requested by Plaintiff's counsel has been modified to reflected the amended rates.

16   The issue in this case is whether the number of attorney hours expended were reasonable.

17         ***The Parties' Positions***

18         As to hours expended, Plaintiff seeks attorney's fees for 71.20 hours of work (18.7 hours

19   [Bosavanh's request] +52.5 hours [Wilborn's initial request] and an additional 3.0 hours of work

20   on the reply brief related to the issue of attorney's fees (so called fees-on-fees, see *Atkins v. Apfel*,

21   154 F.3d 986, 989 (9th Cir.1998) (citing *Comm'r I.N.S. v. Jean*, 496 U.S. 154, 160 (1990) (the

22   plaintiff's counsel is eligible for fees on fees, but this does not automatically result in an award).

23   The Commissioner opposes the supplemental EAJA application asserting that the total number of

24   hours requested is unreasonable. (Doc. 28, pg. 7.)   Moreover, the Commissioner asserts that the

25   overall time spent on the case in chief is excessive.  Defendant relies on *Patterson v. Apfel*, 99

26   F.Supp.2d 1212 (C.D.Cal.2000) for the proposition that a total award of 37.25 hours is

27   _____

28         [3] Plaintiff requested the 2011 rates for work performed in 2012 because the 2012 rates were not yet determined.

reasonable for non-routine social security issues.  The hours in *Patterson* included 4 hours of oral

argument.  Defendant argues that because this case is routine and there was no oral argument,

Plaintiff's requested hours is excessive and unreasonably high.  The Commissioner also cites

*Harden v. Comm'r Soc. Sec.*, 497 F.Supp.2d 1214, 1215–16 (D.Or.2007) for the proposition that

"[t]here is some consensus among the district courts that 20–40 hours is a reasonable amount of

time to spend on a social security case that does not present particular difficulty," and "[a]bsent

unusual circumstances or complexity, this range provides an accurate framework for measuring

whether the amount of time counsel spent is reasonable."

    Although neither party provided supplemental briefing, the reasoning offered in *Harden*

and *Patterson* was recently rejected in *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F. 3d 1132 (9th

Cir. 2012).[4]  The Costa court held that "it is [ ] an abuse of discretion to apply a de facto policy

limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases." *Id.*

at 1136.  Further, the court questioned "the usefulness of reviewing the amount of time spent in

other cases to decide how much time an attorney could reasonably spend on the particular case

before the court." *Id.*  Rather, the inquiry into the reasonableness of a fee request must be based

on the facts of each case.  *Hensley*, 461 U.S. at 429.  Moreover, the Ninth Circuit noted that the

Court must generally give deference to the "winning lawyer's professional judgment as to how

much time he was required to spend on the case." *Costa*, 690 F.3d 1132 at 1136 citing *Moreno v.*

*City of Sacramento*, 534 F, 3d 1106, 1112 (9ᵗʰ Cir. 2008).  It is with these principals in mind that

this Court reviews Plaintiff's attorneys' fee request.

**A.    *Ms. Bosavanh's Time***

    *1.    Clerical Tasks*

    Defendant objects to the almost three hours billed by Ms. Bosavanh as time spent on

routine clerical tasks.  In particular, it argues that on September 8, 2010, Ms. Bosavanh indicates

she spent 1.2 hours reviewing a document declining magistrate judge jurisdiction; preparing,

reviewing, and finalizing documents to serve government defendants; and reviewing and

approving documents for the submission of summons returned executed.  In addition, Defendant

---

[4]  This case was published by the Ninth Circuit after the briefing in this case was completed.

1  notes that Ms. Bosavanh continues to bill a minimum of .1 hour each time she reviews a

2  document, no matter how perfunctory a review:  For example, Ms. Bosavanh indicates she spent

3  the following time on the these tasks : .1 hours reviewing court docket entry on 8/19/10 noting

4  that IFP was filed; .2 hours reviewing court notice granting IFP, summons, and scheduling order

5  on 8/20/10; .1 hour reviewing judge assignment notice on 9/9/10; .1 hour reviewing a certified

6  mail receipt from the Commissioner on 9/17/10; .1 hour reviewing consent to jurisdiction by the

7  Commissioner on 9/22/10; .1 hour reviewing certified mail receipt from the Commissioner on

8  9/29/10; .1 hour reviewing notice of lodging administrative transcript on 1/5/11; and .1 hour

9  reviewing acknowledgment of receipt on 1/5/11.  Defendant's argue that the billing is excessive as

10  most of these tasks require no more than a glance at the docket and the commutative effect of the

11  individual entries greatly inflates the billed time.  *See*,  *Stairs v. Astrue*, 2011 WL 2946177 (E.D.

12  Cal. No. 10-00132) (July 21, 2011) (Beck, D.).  The Court agrees and has already advised Ms.

13  Bosavanh that this practice is not acceptable.  In fact, on June 6, 2012, *just seven days prior to Ms.*

14  *Bosavanh filing the instant request,*[5] in *Lopez v. Astrue*, 2012 WL 2052146 (E.D. Cal. No. 10-

15  1012 (Austin, G.), the undersigned issued Findings and Recommendations on another of Ms.

16  Bosavanh's request for attorneys' fees, specifically noting that billing for these tasks in discrete

17  six minute intervals is improper.  Moreover, Plaintiff has received similar rulings from other

18  judges in this Court.  *Downey v. Astrue*, 2011 WL 1205824, at * 12-13 (E.D. Cal. April 11, 2012)

19  (No. 1:09-cv-812 SKO).  *Reyna v. Astrue*, 2011 WL 6100609, at *3 (E.D. Cal. Dec. 6, 2011) (No.

20  1:09-cv-00719 SMS); *Fontana v. Astue*, 2011 WL 2946179, at *3 (E.D. Cal. July 21, 2011) (No.

21  1:09-cv-0932 DLB).

22       A practitioner who routinely practices in this district should be able to complete each of

23  these tasks in a few minutes since the electronic docketing system provides counsel with email

24  notices of docket activities with the necessary hyperlink directly to the document.  Moreover,

25  many of these tasks could be completed by a paralegal.  Therefore, for clerical and other

26  preparatory tasks completed by Ms. Bosavanh, between 7/8/10 and 9/29/10, this Court will award

27  .5 hours.  The Court will also award her 1.0 for reviewing the case and submitting the documents

28

[5] Ms. Bosavanh filed the her Application for Attorney Fees in this case on June 13, 2012. (Doc. 25).

for the appeal rather than the total 2.0 hours requested on 7/8/10 and 8/18/10.  She will also be awarded the .3 hours requested for conferencing in-house counsel about the case on 8/16/10. Finally, the Court will also award Ms. Bosavanh an additional .3 for conferencing with Plaintiff on 8/17/10, an additional .4 hours for meeting with the Plaintiff on 8/18/10, and an additional .1 for teleconferencing with Plaintiff about the appeal on 8/27/10.  Thus, the total award number of hours for Ms. Bosavanh in 2010 will be 2.6.  These will be calculated at the 2010 rate $175.06 per hour for at total of $455.16 ($175.06 x 2.6 = $455.16).

      *2.    Duplicative Work*

      Defendant also argues the Court should reduce Attorney Bosavanh's request for 6.0 hours for reviewing Attorney Wilborn's work to 1.0 hours. These tasks including: forwarding a transcript to Attorney Wilborn on 1/6/11; 1.5 for a reviewing Attorney Wilborn Confidential Letter Brief on 1/31/11; 2.0 hour for reviewing Wilborn's brief on 5/11/11; .1 for reviewing Attorney Wilborn's Reply brief on 6/24/11; and 1.4 for reviewing Wilborn's Reply to Objections and Recommendations on 2/16/12.  In doing so, Defendant argues that it should not be forced to pay increased fees simply because Ms. Bosavanh decided to employ another attorney.

      The Court agrees and has previously advised Ms. Bosavanh of the Court's position in *Lopez v. Astrue* as well.  Counsel fees should not be excessive or redundant, nor should it include unnecessary time that is attributable to the supervision or the correction of another attorney's work.  *Reyna v. Astrue,* 2011 WL 6100609, at *3 (E.D. Cal. Dec. 6, 2011) (09-cv-719 SMS) *citing*, *Hensley*, 461 U.S. at 434.  "An attorney submitting a fee request should exercise the same billing judgment that he or she would use in preparing a bill for submission to the client, omitting ill-used or unnecessary time." *Id*. The Court notes, however, that some review of Mr. Wilborn's briefs on Ms. Bosavanh's behalf is warranted as she is the attorney of record.  Notwithstanding the above, she may not bill for services that are duplicative of his efforts.  She has been advised of this on several other occasions.  *See*, *Reyna v. Astrue*, 2011 WL 6100609, at * 4; *Fontana v. Astrue*, 2011 WL 2946179 (E.D. Cal. July 21, 20011) (No. 1:10–cv–0932–DLB); *Stairs v. Astrue*, 2011 WL 2946177 at *2; *VonBerckefeldt v. Astrue*, 2011 WL 2746290 (E.D. Cal. July 14, 2011) (No. 1:09–cv–01927–DLB); *Roberts v. Astrue*, 2011 WL 2746715 (E.D. Cal. July 13, 2011) (No.

1  1:09–cv–01581–DLB).   Moreover, the extent of Ms. Bosavanh's review should be minimal as

2  Mr. Wilborn has several more years of experience than Ms. Bosavanh and he was a former

3  administrative law judge.  The Court will award 1.0 hour for reviewing all of the legal work done

4  by Mr. Wilborn including reviewing the administrative record, monitoring any court orders, and

5  reading filings completed by the Commissioner that Mr. Wilborn addressed.[6]

6       Notwithstanding the above, the Court notes that Ms. Bosavanh did have additional contact

7  with the Plaintiff in 2011 which the Court finds to be reasonable.  Therefore, Ms. Bosavanh will

8  be awarded a total or .9 hours for a telephone conferences with Plaintiff in 2011 including .2

9  hours on  3/8/11; .3 on 7/11/11; and .2 on 9/17/11 and .2 on 12/1/11.[7]  The Court will also award

10  Ms. Bosavanh .2 hours for work related to getting an extension for filing the brief on 3/10/11 -

11  3/17/11.  Therefore, the total amount awarded to Ms. Bosavanh for 2011 will be 2.1 hours and

12  will reimbursed at a rare of $180.59 for a total amount of $379.24 ($180.59 x 2.1 = $379.24).

13       Finally, Defendant objects to Ms. Bosavanh's time entry on 6/12/12, wherein she indicates

14  that she spent 2.0 hours preparing EAJA fee time documents.  Defendant characterizes the time as

15  excessive and requests that the time be reduced to .5.  Preparing an itemized time sheet for an

16  EAJA fee motion is not a clerical task as counsel must review the time records to make sure the

17  time is properly billed to the client, ensure that time billed is accurate, and redact any privileged

18  information.  *See Fortes v. Astrue,* 2009 WL 3007735, *4 (S.D. Cal. 2009) (allowing 2.75 hours

19  reviewing time records and logs to prepare a billing sheet in support of an EAJA motion).

20  However, as noted by Judge Beck, a review of several of the other requests for attorney's fees

21  filed by Plaintiff's counsel contains several similarities. *Stairs v. Astrue,* 20011 WL 2946177, at *

22  3. She will therefore be allowed .5 hours for this task which is reasonable and consistent with

23  other awards in this district. *Id.*; *Downy v. Astrue,* 2011 WL 1205824 at *14.  The Court will also

[6] The Court also notes that Ms. Bosavanh billed 1.4 hours for reviewing the contents of the administrative record for completeness on1/5/11 and 1/6/11.  She also spent and additional 1.5 hours reviewing the file and confidential letter brief on1/31/11. This is excessive file review as Mr. Wilborn also completed these tasks.  As such, Ms. Bosavanh will not be reimbursed for this time.

[7] The Court notes there appears to be an error in the billing statement as the telephone conference is listed as taking place on 12/1/12.  Since this date had not occurred at the time Ms. Bosavanh completed her application for attorneys fees, the court presumes the correct date is 12/1/11.

award Ms. Bosavanh .3 hours for time spent teleconferencing with Plaintiff regarding the case on
3/16/12.  The rate of reimbursement will be $183.73 for a total amount of fees of $146.98
($183.73 x .8 = $146.98).

As a result of the above, the recommended amounts to be awarded to Ms. Bosavanh are as
follows :

| Total Hours | Rate Applied | Total Amount |
|---|---|---|
| 2.6 | 2010 ($175.06) | $455.16 (2.6 x $175.06) |
| 2.1 | 2011 ($180.59) | $379.24 (2.1 x $180.59) |
| 0.8 | 2012($183.73) | $146.98 (.8 x $183.73) |
| **5.5** | ----------------- | **$981.38** |

**B.    *Mr. Wilborn's Time***

The Court has reviewed Mr. Wilborn's request for attorney's fees.  Mr. Wilborn presented
the following five issues for the Court's review in this case: 1) the ALJ erred in finding that
Plaintiff's severe impairments did not meet or equal listing 12.05C; 2) the ALJ failed to include
Dr. Voquy's findings in her residual functioning capacity ("RFC") finding; 3) the ALJ did not
provide sufficient reasons to find that Plaintiff was not credible; 4) the ALJ's RFC and vocational
hypotheticals were fatally flawed; and 5) the ALJ failed to comply with SSR 00-4p.  Mr. Wilborn
has requested compensation for 55.50 hours of work (this includes 3.0 hours for supplemental
briefing for EAJA fees).  It is noted that Mr. Wilborn already reduced his fee request by 3.0 hours
for work done on 2/15/12 for Plaintiff's reply to Defendant's objections to this Court's Findings
and Recommendations.  Judge Ishii only adopted this Court's recommendations in part which
indicates that substantial briefing  at the District Court level was required.  Given the size of the
record, the issues presented, and the procedural posture of this case, the Court finds that Mr.
Wilborn's requests are reasonable including the amount of time for supplemental briefing related
to the EAJA fee motion.  In accordance with the above, Mr. Wilborn will be compensated at the
following rates :

| Total Hours | Rate Applied | Total Amount |
|---|---|---|
| .75 | 2010 ($ 175.06) | $131.30 (.75 x $175.06) |
| 51.75 | 2011 ($180.59) | $9,345.53 (51.75 x $180.59) |
| 3.00 | 2012 ($183.73) | $551.19 (3.00 x $183.73) |
| **55.5** | ------------ | **$10,028.02** |

## RECOMMENDATIONS

Based on the foregoing, it is recommended that Plaintiff's Application for Attorneys' Fees be GRANTED IN PART.  Plaintiff's counsel are entitled to an award in the total amount of $11,009.40  to be broken down as follows:

Ms. Bosavanh: 5.5 hours for total amount of $981.38.

Mr. Wilborn: 55.50 hours for a total amount of $10,028.02.

This amount should be payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 of the United States Code section 636(b)(l).  Within fifteen **(15)** days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:   March 25, 2013**            **/s/ Gary S. Austin**
                         UNITED STATES MAGISTRATE JUDGE